UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SEAFOOD RESOURCES, LTD.,
A RHODE ISLAND CORPORATION
Plaintiff

vs. C.A. No. 06-36-T

SAMUEL BARRINGTON
Defendant

**DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION FOR ENTRY OF CONSENT JUDGMENT**

Defendant, Samuel Barrington, hereby objects to Plaintiff's Motion For Entry Of Consent Judgment for the reasons set forth in detail in the accompanying Memorandum in support of this Objection.

**WHEREFORE**, defendant respectfully requests that the Court deny Plaintiff's Motion For Entry Of Consent Judgment, dismiss this action, with prejudice, and award defendant his reasonable attorneys' fees, costs, and expenses incurred in opposing that frivolous Motion.

Samuel Barrington

By his Attorneys,

Stephen J. Reid, Jr. #2811
Blish & Cavanagh, LLP
30 Exchange Terrace
Providence, RI 02903
(401) 831-8900
(401) 751-7542 (fax)

Dated: February 17, 2006

## REQUEST FOR ORAL ARGUMENT

In accordance with Local Rule 7(e), defendant hereby requests oral argument in this matter. It is estimated that thirty (30) minutes will be required for the requested oral argument.

Stephen J. Reid, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of February, 2006, I caused a copy of the foregoing Defendant's Objection To Plaintiff's Motion For Entry Of Consent Judgment to be mailed to:

Douglas H. Smith, Esq.
140 Reservoir Avenue
Providence, RI 02907

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**SEAFOOD RESOURCES, LTD.,**
**A RHODE ISLAND CORPORATION**
**PLAINTIFF**

**VS.** **C.A. NO. 06-36-T**

**SAMUEL BARRINGTON**
**DEFENDANT**

**MEMORANDUM IN SUPPORT OF DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION FOR ENTRY OF CONSENT JUDGMENT**

## I. Background

In furtherance of the agreed-upon settlement of the action known as Seafood Resources, Ltd., a Rhode Island Corporation vs. Samuel Barrington and Samuel C. Barrington vs. Edward M. Adams, Jr. and Michael J. Burke, Jr., C.A. No. 01-627-T, the parties thereto entered into a Settlement Agreement, effective as of March 31, 2003.[1] A copy of that fully-executed Settlement Agreement is attached hereto as Exhibit "A".

Pursuant to the Settlement Agreement, Mr. Barrington agreed to make payment of the total amount of One Hundred, Twelve Thousand, Five Hundred and 00/100 ($112,500.00) Dollars to Seafood Resources, Ltd. pursuant to the following Payment Schedule:

a. Twenty-Eight Thousand, Five Hundred and 00/100 ($28,500.00) Dollars by December 31, 2003, with minimum monthly payments of One Thousand and 00/100 ($1,000.00) Dollars commencing March 31, 2003;

---

[1] The Settlement Agreement was signed: a. by Mr. Barrington on April 22, 2003; and b. by Mr. Adams, individually and as President of Seafood Resources, Ltd., and by Mr. Burke, individually, on April 28, 2003.

b. Twenty-Eight Thousand and 00/100 ($28,000.00) Dollars by December 31, 2004, with minimum monthly payments of One Thousand and 00/100 ($1,000.00) Dollars commencing January 31, 2004;

c. Twenty-Eight Thousand and 00/100 ($28,000.00) Dollars by December 31, 2005, with minimum monthly payments of One Thousand and 00/100 ($1,000.00) Dollars commencing January 31, 2005; and

d. Twenty-Eight Thousand and 00/100 ($28,000.00) Dollars by December 31, 2006, with minimum monthly payments of One Thousand and 00/100 ($1,000.00) Dollars commencing January 31, 2006.

Mr. Barrington timely made the following payments: $28,500.00 for the period April, 2003 to December, 2003; $28,000.00 for the period January, 2004 to December, 2004; and $27,000.00 for the period January 2005 to December, 2005.[2]

Mistakenly believing that he had made twelve (12) payments each in the amount of $1,000.00 for 2005, Mr. Barrington made payment on or about December 28, 2005 of the amount of $16,000.00, which he believed would satisfy his obligation to make payments totaling $28,000.00 for that year. However, as is reflected in Exhibit "C" to the Affidavit, the $1,000.00 payment made by Mr. Barrington on or about January 5, 2005 was the last payment for 2004 and not the first payment for 2005.[3] By making his payment on or about December 28, 2005 in the amount of $16,000.00, Mr. Barrington's payments for 2005 totaled $27,000.00, not $28,000.00.

---

[2] Exhibit "C" to the Affidavit In Support Of Entry Of Consent Judgment, signed by Michael J. Burke, Jr. (the "Affidavit"), identifies each of the payments received from Mr. Barrington (within days of Mr. Barrington sending those payments) between April 28, 2003 and December 28, 2005 in the total amount of $83,500.00. Exhibit "D" to that Affidavit confirms the payment by Mr. Barrington of the amounts of: $28,500.00 in 2003; $28,000.00 in 2004; and $27,000.00 in 2005.

[3] Paragraph 2 of the Settlement Agreement provides "a ten (10) day grace period within which to make any and all of the payments identified in the Payment Schedule". Thus, the $1,000.00 payment made by Mr. Barrington on or about January 5, 2005 represented timely payment of the last payment due to be made by December 31, 2004.

Instead of extending Mr. Barrington, or his attorney, the courtesy of a telephone call or letter advising that Mr. Barrington's payments for 2005 totaled $27,000.00, not $28,000.00, and giving him an opportunity to send the additional $1,000.00 payment,[4] plaintiff intentionally waited until the ten (10) day grace period provided for in paragraph 2 of the Settlement Agreement expired, and then filed this action.

On February 3, 2006, counsel for Mr. Barrington received in the mail from counsel for plaintiff copies of Plaintiff's Motion For Entry Of Consent Order ("Plaintiff's Motion") and the Affidavit. On February 6, 2006, counsel for Mr. Barrington mailed a copy of Plaintiff's Motion and a copy of the Affidavit to Mr. Barrington.

Thereafter, on or about February 8, 2006, Mr. Barrington sent a letter by Federal Express to the principals of plaintiff, Mr. Burke and Mr. Adams, enclosing his check for $1,000.00, which would bring his total payments for 2005 to $28,000.00. [5] A copy of that letter is attached hereto as Exhibit "B". However, on February 10, 2006 the $1,000.00 check which accompanied Mr. Barrington's letter was mail back to him by plaintiff.[6]

---

4

In either late December, 2004 or early January, 2005, Mr. Barrington received a telephone call from the secretary for plaintiff who informed him that the $17,000.00 payment sent by Mr. Barrington and received by plaintiff on or about December 27, 2004 brought his total payments for 2004 to $27,000.00, not $28,000.00. Recognizing his mistake, Mr. Barrington immediately sent plaintiff a check for the $1,000.00 balance, which payment is reflected on Exhibit "C" to the Affidavit as follows: "1/5/05 - 1,000. - For 2004".

5

Prior to receiving a copy of Plaintiff's Motion and a copy of the Affidavit, on January 28, 2006 Mr. Barrington had sent his check to plaintiff in the amount of $1,000.00 representing timely payment of the payment due on January 31, 2006.

6

On February 8, 2006, plaintiff mailed the $1,000.00 check referred to in footnote 5, supra, back to Mr. Barrington.

## II. Argument

By its Motion, plaintiff opportunistically seeks the entry of Judgment against Mr. Barrington in the amount of $56,843.58, when the actual amount owed by Mr. Barrington, after regularly making timely payments since April, 2003 totaling $83,500.00, is only $29,000.00. Plaintiff seeks a windfall in the amount of $27,843.58, or almost twice the amount of the actual balance.

Clearly, Mr. Barrington's payments for 2005 totaled $27,000.00, instead of $28,000.00, as a result of a mistake. Rather than notify Mr. Barrington or his counsel of the $1,000.00 shortfall so that it could be paid, plaintiff[7] chose to "lay in the weeds" until the ten (10) day grace period expired, then sprang out of the weeds and filed the Complaint in this action and Plaintiff's Motion. Immediately upon hearing of the shortfall of $1,000.00, Mr. Barrington attempted to make that payment by sending a check for that amount along with his letter to Mr. Burke and Mr. Adams (see Exhibit "B" hereto). That check (as well as Mr. Barrington's check for $1,000.00 representing the payment due on January 31, 2006) was returned by plaintiff to Mr. Barrington.

Plaintiff's transparent attempt to take opportunistic advantage of Mr. Barrington's obvious mistake should not be countenanced by the Court.

## III. Conclusion

For all of the foregoing reasons, Mr. Barrington respectfully requests that the Court deny Plaintiff's Motion, dismiss this action, with prejudice, and enter an Order requiring Seafood Resources, Ltd. to reimburse Mr. Barrington for all of his attorneys' fees, costs, and expenses reasonably incurred in opposing that Motion.

---

[7] As had been done in late December, 2004 or early January, 2005 (see footnote 4, supra).

Samuel Barrington

By its Attorneys,

Stephen J. Reid, Jr. #2811
Blish & Cavanagh, LLP
30 Exchange Terrace
Providence, RI 02903
(401) 831-8900
(401) 751-7542 (fax)

Dated: February 17, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of February, 2006, I caused a copy of the foregoing Memorandum In Support Of Defendant's Objection To Plaintiff's Motion For Entry Of Consent Judgment to be mailed to:

Douglas H. Smith, Esq.
140 Reservoir Avenue
Providence, RI 02907