# SETTLEMENT AGREEMENT

This Settlement Agreement is hereby entered into this 31st day of March, 2003 by and between Seafood Resources, Ltd., a Rhode Island Corporation ("Seafood Resources"), Samuel C. Barrington ("Barrington"), Edward M. Adams, Jr. ("Adams"), and Michael J. Burke, Jr. ("Burke").

**WHEREAS**, Seafood Resources commenced an action against Barrington on or about December 5, 2001 by filing a Complaint in Providence Superior Court, which action was know as Seafood Resources, Ltd., a Rhode Island Corporation v. Samuel Barrington, C.A. No. P.C. 01-6357; and

**WHEREAS**, Barrington timely removed C.A. No. PC 01-6357 from Providence Superior Court to the United Stated District Court for the District of Rhode Island, and filed an Answer to the Complaint, a Counterclaim against Seafood Resources, and a Third Party Complaint against Adams and Burke, in the action now known as Seafood Resources, Ltd., a Rhode Island Corporation v. Samuel Barrington, and Samuel C. Barrington v. Edward M. Adams, Jr. and Michael J. Burke, Jr., C.A. No. 01-627-T; and

**WHEREAS**, counsel for Seafood Resources has represented to counsel for Barrington that Seafood Resources has not written off the alleged indebtedness of Barrington to Seafood Resources under the Limited Guaranty which is the subject of the Complaint, and that Seafood Resources has continued to carry that indebtedness on its corporate books; and

**WHEREAS**, Seafood Resources, Barrington, Adams, and Burke desire to avoid the uncertainty and continuing expense in connection with the further litigation of C.A. No. 01-627-T; and

SB

**WHEREAS**, Seafood Resources, Barrington, Adams, and Burke have agreed to the settlement of C.A. No. 01-627-T;

**NOW THEREFORE**, in consideration of the foregoing and of the following mutual promises and undertakings, it is hereby agreed by and between Seafood Resources, Barrington, Adams, and Burke as follows:

1. Barrington will make payment to Seafood Resources of the total amount of One Hundred Twelve Thousand, Five Hundred and 00/100 ($112,500.00) Dollars in accordance with the following payment schedule (the "Payment Schedule"):

a. Twenty-Eight Thousand, Five Hundred and 00/100 ($28,500.00) Dollars by December 31, 2003, with minimum monthly payments of One Thousand and 00/100 ($1,000.00) Dollars commencing March 31, 2003;

b. Twenty-Eight Thousand and 00/100 ($28,000.00) Dollars by December 31, 2004, with minimum monthly payments of One Thousand and 00/100 ($1,000.00) Dollars commencing January 31, 2004;

c. Twenty-Eight Thousand and 00/100 ($28,000.00) Dollars by December 31, 2005, with minimum monthly payments of One Thousand and 00/100 ($1,000.00) Dollars commencing January 31, 2005; and

d. Twenty-Eight Thousand and 00/100 ($28,000.00) Dollars by December 31, 2006, with minimum monthly payments of One Thousand and 00/100 ($1,000.00) Dollars commencing January 31, 2006.

2. Barrington will have a ten (10) day grace period within which to make any and all of the payments identified in the Payment Schedule. As long as any such payment is made within the ten (10) day grace period, it will be deemed to have been



SB

timely made for all purposes in connection with this Settlement Agreement.

3. Counsel for Seafood Resources, Adams, and Burke, and counsel for Barrington, in their representative capacities on behalf of their respective clients, will execute:

a. a Stipulation Of Dismissal, Without Prejudice, in the form and substance attached hereto, which will be filed with the Court when this Settlement Agreement is fully executed; and

b. an Agreement For Judgment, in the form and substance attached hereto, in the amount of One Hundred Forty Thousand, Eight Hundred, Forty-Three and 58/100 ($140,843.58) Dollars (which is comprised of principal in the amount of $112,500.00 and prejudgment interest through and including February 28, 2003 in the amount of $28,343.58), which will be held in escrow by counsel for Seafood Resources, Adams, and Burke.

4. The parties to this Settlement Agreement will execute and exchange mutual General Releases in the form and substance attached hereto.

5. In the event that Barrington complies with the Payment Schedule, then counsel for Seafood Resources, Adams, and Burke will release the Agreement For Judgment from escrow and forward it to counsel for Barrington, who will destroy that document.

6. In the event that Barrington defaults upon the Payment Schedule, then counsel for Seafood Resources, Adams, and Burke will:

a. refile in the United States District Court for the District of Rhode Island the Complaint originally filed in Providence Superior Court, in C.A. No. PC 01-6357;

SP

b. notify counsel for Barrington that the Complaint has been refiled and provide counsel for Barrington with a copy of that Complaint, including the new Civil Action number; and

c. place the new Civil Action number and the then current date on the Agreement For Judgment, release the Agreement For Judgment from escrow and file it with the Court.

7. In the event that Barrington defaults on the Payment Schedule and the Agreement For Judgment is filed with the Court in accordance with the provisions of paragraph 6, above, Barrington shall be given credit for any and all payments made pursuant to the Payment Schedule prior to any default thereon, which credit will reduce the amount of the Agreement For Judgment. By way of example, assuming that Barrington makes all of the payments due in accordance with the Payment Schedule in 2003 and 2004 and then defaults on the Payment Schedule, Barrington will receive credit for those payments totaling Fifty-Six Thousand, Five Hundred and 00/100 ($56,500.00) Dollars and Seafood Resources would be able to enforce the Agreement For Judgment but only to the extent of the amount of Eighty-Four Thousand, Three Hundred, Forty-Three and 58/100 ($84,343.58) Dollars. In addition, Seafood Resources would be entitled to an award of reasonable attorneys' fees actually incurred in enforcing the Agreement For Judgment, plus additional statutory interest from March 1, 2003. NL

8. Seafood Resources, Barrington, Adams, and Burke acknowledge and agree that each is voluntarily executing this Settlement Agreement, that each understands and agrees with all of the terms and provisions contained herein, that it



SB

represents a fair and equitable settlement of all claims and disputes which they ever had, now have, and/or may have against each other, and that it cannot be altered, amended, changed, modified, revised or supplemented except by means of a written document specifically referring to this Settlement Agreement and signed by Seafood Resources, Barrington, Adams, and Burke.

**IN WITNESS WHEREOF**, the parties hereto have signed and executed this Settlement Agreement, under seal, effective as of the 31st day of March, 2003.

Seafood Resources, Ltd.,
a Rhode Island Corporation

By: ______________________

Title: PRESIDENT

______________________
Samuel C. Barrington

______________________
Edward M. Adams, Jr.

______________________
Michael J. Burke, Jr.



SB

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

April 28, 2003

Then personally appeared before me the above-named Edward C. Adams Jr., by me known and known by me to be the President of Seafood Resources Ltd., a Rhode Island Corporation, and acknowledged the foregoing Settlement Agreement to be his free act and deed and the free act and deed of Seafood Resources, Ltd., a Rhode Island Corporation.

Notary Public
My Commission Expires: 6/30/05

COMMONWEALTH OF MASSACHUSETTS
COUNTY OF Norfolk

April 22, 2003

Then personally appeared before me the above-named Samuel C. Barrington, by me known and known by me to be the party executing the foregoing Settlement Agreement, and acknowledged said instrument by him executed to be his free act and deed.

Margaret A. Mahay
Notary Public
My Commission Expires: June 23, 2004

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

April 24, 2003

Then personally appeared before me the above-named Edward M. Adams, Jr., by me known and known by me to be the party executing the foregoing Settlement Agreement, and acknowledged said instrument by him executed to be his free act and deed.

Notary Public
My Commission Expires: 6/30/05



8B

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

April 25, 2003

Then personally appeared before me the above-named Michael J. Burke, Jr., by me known and known by me to be the party executing the foregoing Settlement Agreement, and acknowledged said instrument by him executed to be his free act and deed.

Notary Public
My Commission Expires: 6/30/05

Douglas H. Smith #2219
Attorney for Seafood Resources, Ltd., a Rhode Island Corporation, Edward M. Adams, Jr., and Michael J. Burke, Jr.
140 Reservoir Avenue
Providence, RI 02907
(401) 467-3590
(401) 467-5111(fax)

Stephen J. Reid, Jr. #2811
Attorney for Samuel C. Barrington
Blish & Cavanagh, LLP
30 Exchange Terrace
Providence, RI 02903
(401) 831-8900
(401) 751-7542 (fax)



SB