**UNITED STATES DISTRICT COURT**

**DISTRICT OF RHODE ISLAND**

SEAFOOD RESOURCES, LTD., a Rhode Island Corporation :

VS. : C.A. NO. 06-36-T

SAMUEL BARRINGTON, ALIAS :

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ENTRY OF CONSENT JUDGMENT**

## I. NO LEGAL BASIS FOR REFORMING MARCH 31, 2003 SETTLEMENT AGREEMENT.

On March 31, 2003, the Defendant, by and through his counsel, entered into an "Agreement for Judgment" in the amount of One Hundred Forty Thousand Eight Hundred Thirty-Three and 58/100 ($140,833.58) Dollars, which represented the Defendant's share of liability on a One Million Two Hundred Thousand and 00/100 ($1,200,000.00) Dollar Promissory Note to the Plaintiff, Seafood Resources, Ltd. Following extensive negotiations, by and through counsel, the parties concerned entered into a Settlement Agreement (which was proposed by Defendant's counsel), which allowed the Defendant to settle his obligation to the Plaintiff for the reduced sum of One Hundred Twelve Thousand Five Hundred and 00/100 ($112,500.00) Dollars, based upon his promise to make payments as specified in the aforementioned Settlement Agreement. Notwithstanding Defendant's counsel's self-serving explanation for the Defendant's failure to make payments as agreed, the Defendant's payment record (attached as Exhibit "C" to Plaintiff's original Motion) clearly establishes that the Defendant's payments for March 31st, 2003; May 31st and December 31st, 2005 were all in

violation of the Settlement Agreement, as they were not made by the 31st day of the month called for, nor were they within the ten (10) day grace period allowed under said Agreement.

Defendant's counsel concedes, as he must, that the Defendant failed to comply with the terms of the Settlement Agreement and the "Agreement for Judgment", and would have the Court impose a notice requirement on the Plaintiff or an extra grace period when it suits the Defendant. No such provision can be found in the existing Agreement, and the Plaintiff's counsel would argue that there is no legal basis for the Defendant to ask this Court to rewrite the Settlement Agreement because of his unilateral mistake. The Rhode Island Supreme Court long ago stated:

> For the Court to intervene and correct a written instrument, there "must be, as it is usually expressed, the mistake of both parties to it; that is, such a mistake in the draughting [sic] of the writing, as makes it convey the intent or meaning of neither party to the contract." Vanderford v. Kettle, 75 R.I. 130, 142, 64 A.2d 483, 489 (1949) (quoting Diman v. Providence, Warren, and Bristol R.R. Co., 5 R.I. 130, 134-35 (1858)). A party must prove mutual mistake by clear and convincing evidence before the Court will reform, vacate, or dismiss a contractual agreement. See Rivera v. Gagnon, 847 A.2d 280, 284 (2004).

This is also in general accord with decisions of the United States Supreme Court that consent decrees are construed on the same basis as a contract, and the Court will not speculate as to the purpose of the agreement, but instead, interpret said contracts under the "four corner's rule of Armour". See U.S. v. International Continental Baking Co., 420 U.S. 225 at 238 (1975).

## II. CONCLUSION.

Notwithstanding Defendant's self-serving explanation for his failure to comply with the binding Settlement Agreement between the parties, and his attempt to impose a notice

burden upon the Plaintiff, which is not called for in the Agreement, the fact remains that the Defendant violated the Settlement Agreement on three (3) occasions.

Accordingly, under the clearly worded terms of the original Settlement Agreement between the parties, the Plaintiff is entitled to the original judgment that he bargained for, namely One Hundred Forty Thousand Eight Hundred Thirty-Three and 58/100 ($140,833.58) Dollars.

WHEREFORE, the Plaintiff respectfully prays that Plaintiff's Motion for Entry of Consent Judgment be granted forthwith, and for such other and further relief as this Honorable Court shall deem meet and just.

SEAFOOD RESOURCES, LTD.
By its Attorney,

DOUGLAS H. SMITH, ESQ. #2219
140 Reservoir Avenue
P.O. Box 27070
Providence, RI 02907
(401) 467-3590

**CERTIFICATION**

I hereby certify that on the 3rd day of March, 2006, I mailed a true copy of the above to Stephen J. Reid, Jr., Esq., Blish & Cavanagh, LLP, 30 Exchange Terrace, Providence, RI 02903.

DW/SEAFOOD3