UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SEAFOOD RESOURCES, LTD.,
A RHODE ISLAND CORPORATION
PLAINTIFF

VS. C.A. NO. 06-36-T

SAMUEL BARRINGTON
DEFENDANT

**DEFENDANT'S REPLY TO PLAINTIFF'S MEMORANDUM IN SUPPORT OF ENTRY OF CONSENT JUDGMENT**

## I. Introduction

On or about February 3, 2006, Plaintiff's Motion For Entry Of Consent Judgment was filed with the Court, together with an Affidavit in support of that Motion. Plaintiff's Motion was not accompanied by the memorandum of law required by LR Cv 7.

Defendant timely filed his Objection To Plaintiff's Motion For Entry Of Consent Judgment, together with a Memorandum in support of that Objection ("Defendant's Memorandum").

On or about March 6, 2006, Plaintiff's Memorandum Of law In Support Of Entry Of Consent Judgment was filed with the Court.

Defendant, Samuel Barrington, hereby replies to Plaintiff's Memorandum.

## II. Argument

**A.** Referring to the "payment record" set forth in Exhibit "C" to the Affidavit in support of Plaintiff's Motion, plaintiff argues that the payment due on March 31, 2003

(pursuant to paragraph 1.a. of the Settlement Agreement (copy attached as Exhibit "A" to Defendant's Memorandum)) was "in violation of the Settlement Agreement, as [it was] not made by the 31st of the month called for, nor [was it made] within the ten (10) day grace period allowed under said Agreement."

However, plaintiff blatantly ignores the fact that while paragraph 1.a. of the Settlement Agreement called for "minimum monthly payments of One Thousand and 00/100 ($1,000.00) Dollars commencing March 31, 2003", the Settlement Agreement was not signed by Mr. Barrington until April 22, 2003 and by the principals of plaintiff until April 28, 2003.[1] Mr. Barrington made his first payment on April 28, 2003, the same date that the settlement Agreement was fully-executed.[2] Therefore, Mr. Barrington's first payment was quite timely, notwithstanding plaintiff's argument to the contrary.

**B.** Again referring to the "payment record" set forth in Exhibit "C" to the Affidavit in Support of Plaintiff's Memorandum, plaintiff argues that the payments due on "May 31st and December 31st, 2005 were all in violation of the Settlement Agreement, as they were not made by the 31st day of the month called for, nor were they [made] within the ten (10) day grace period allowed under said Agreement."

As for the payment due on May 31, 2005, according to plaintiff's own "payment record" that payment was received, accepted and recorded by plaintiff on June 14, 2005 (i.e., four days after the ten-day grace period set forth in the Settlement Agreement).

---

1 See Defendant's Memorandum, Exhibit A and footnote 1 thereto.

2 Plaintiff never requested that Mr. Barrington make his first payment prior to the Settlement Agreement being fully-executed; nor would Mr. Barrington have done so. Moreover, Mr. Barrington's payments through December 31, 2003 totaled $28,500.00, as required by paragraph 1.a. of the Settlement Agreement.

Plaintiff did not seek to return that payment to Mr. Barrington because it was outside of the grace period (indeed plaintiff accepted that payment and seven subsequent payments totaling $22,000.00).

Regarding the payment due on December 31, 2005, the Court's attention is directed to Defendant's Memorandum previously filed in support of Defendant's Objection to Plaintiff's Motion. In particular, the Court's attention is directed to footnote 4 of that Memorandum, which recites a similar payment error by Mr. Barrington at the end of 2004, where his $17,000.00 check received by plaintiff on or about December 27, 2004 was off by $1,000.00. There, the secretary for plaintiff informed Mr. Barrington that his last payment was $1,000.00 short and Mr. Barrington immediately sent plaintiff a check for the $1,000.00 balance.

C. Plaintiff's Memorandum entirely misconstrues the arguments made by Mr. Barrington in objection to Plaintiff's Motion. Mr. Barrington is **not** seeking to reform the Settlement Agreement. Rather, Mr. Barrington opposes plaintiff's transparent attempt to take opportunistic advantage of Mr. Barrington's obvious mistake in sending a payment to plaintiff for $16,000.00 instead of $17,000.00 on or about December 28, 2005. By its conduct in accepting the payment due on May 31, 2005 on June 14, 2005, and especially by its conduct in connection with the $1,000.00 shortfall in December, 2007, plaintiff has waived any right to seek the relief sought in Plaintiff's Motion. Plaintiff is estopped from seeking that relief by its previous conduct in connection with the acceptance of payment from Mr. Barrington.

## III. Conclusion

For all of the foregoing reasons, Mr. Barrington respectfully requests that the Court deny Plaintiff's Motion, dismiss this action, with prejudice, and enter an Order requiring Seafood Resources, Ltd. to reimburse Mr. Barrington for all of his attorneys' fees, costs, and expenses reasonably incurred in opposing that Motion.

Samuel Barrington

By his Attorneys,

Stephen J. Reid, Jr. #2811
Blish & Cavanagh, LLP
30 Exchange Terrace
Providence, RI 02903
(401) 831-8900
(401) 751-7542 (fax)

Dated: March 8, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of March, 2006, I caused a copy of the foregoing Defendant's Reply To Plaintiff's Memorandum In Support Of Motion For Entry Of Consent Judgment to be mailed to:

Douglas H. Smith, Esq.
140 Reservoir Avenue
Providence, RI 02907